# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANTIONETTE CALLOWAY-BEAVERS,  :
RONALD GREEN, RUBY BALDWIN,  :
WALTER BUCKHALTER, SYLVIA  :
WAYMON, TRACIE HAYES, SEAN  :
TRAMBLE, LINDA CLEMONS  :
ANDRE VANPELT, BILLY WARLICK,  :
WILLIE WILSON, ELWYN HOLT,  :
OSCILIA ADAMS, JAMES KEESEE,  :
RONALD MILLER, BEVERLY PARKER,  :
ANGELYN BROWNLEE, JOHNNY  :     Civil Action File No.
GRIGGS, KIRK DANIELS, WELTON  :
ELLISON, TONY EVANS, VALERIE  :
JORDAN, CHARLES BALL, TIMOTHY  :     1:15-CV-00307-TWT
WYNN, DERICK WILSON, COURTNEY  :
RHODES, KRYSTAL STROHMAN  :
CHRISTOPHER SCRUGGS, TRENT  :
FOSTER, MARVIN STEWARD,  :
ARTHUR JAMES MORRIS, JR, BENTON :
WADE, SHERYL CRAIN-HARDEMAN,  :
OLIVIA KIMBROUGH, ALLEN  :
MCDANIEL, JAMIKO FRAIZER,  :
SEBRENA PARHAM, and TINA MARKS  :
                                :

         Plaintiffs,  :

                        :     Jury Trial Demand
   v.  :

CITY OF ATLANTA, GEORGIA,  :
MAYOR KASIM REED, individually and  :
in his official capacity as Mayor of the City  :
 of Atlanta, YVONNE YANCY,  :
individually and in her official Capacity as  :
Commissioner of Human Resources,  :
PATRICK L. LABAT individually and in  :
his official capacity as Chief of the City  :
of Atlanta Department of Corrections,  :

:
Defendants.                                    :

## FIRST AMENDED COMPLAINT

**COMES NOW**, Antionette Calloway-Beavers, Ronald Green, Tony Evans, Christopher Scruggs, Ruby Baldwin, Walter Buckhalter, Sylvia Waymon, Tracie Hayes, Sean Tramble, Linda Clemons, Andre Vanpelt, Billy Warlick, Willie Wilson, Elwyn Holt, Oscilia Adams, James Keesee, Ronald Miller, Beverly Parker, Angelyn Brownlee, Johnny Griggs, Kirk Daniels, Welton Ellison, Valerie Jordan, Charles Ball, Timothy Wynn, Derick Wilson, Courtney Rhodes, Krystal Strohman, Trent Foster, Marvin Steward, Arthur James Morris, Jr., Benton Wade, Sheryl Crain-Hardeman, Olivia Kimbrough, Allen McDaniel, Jamiko Fraizer, Sebrena Parham, and Tina Marks and files this complaint against the above-named Defendants and show this court as follows:

## PARTIES

### 1.

Plaintiffs are current and former employees of the Defendant, City of Atlanta, Georgia. Plaintiffs worked in the City of Atlanta Department of Corrections and were all injured by Defendants.

### 2.

The City of Atlanta is a municipal corporation under the laws of the State of Georgia and is subject to suit and to the jurisdiction of this Court. The City of

Atlanta may be served by delivering a copy of the Summons and Complaint to Cesar Mitchell, President of the City Council at 55 Trinity Ave., Atlanta, Fulton County, Georgia 30303.

3.

Defendant, Mayor Kasim Reed, is and was at all relevant times the Mayor of the City of Atlanta. Mr. Reed is sued in his official and individual capacity. Defendant Mayor Kasim Reed is subject to jurisdiction of this court and may be served at 55 Trinity Ave., Atlanta, Fulton County, Georgia 30303.

4.

Defendant, Yvonne Yancy, is and was at all relevant times the Mayor of the City of Atlanta Commissioner of Human Resources. Ms. Yancy is sued in her official and individual capacity. Defendant, Yvonne Yancy is subject to jurisdiction of this court and may be served at 68 Mitchell St., S.W., Suite 2150, City Hall Towers, Atlanta, Fulton County, Georgia 30303.

5.

Defendant Patrick L. Labat, at all relevant times was and is the Chief of the City of Atlanta Department of Corrections. Mr. Labat is sued in his official and individual capacity. Defendant Patrick L. Labat is subject to jurisdiction of this court and may be served at 254 Peachtree Street, SW Atlanta, GA 30303.

**JURISDICTION AND VENUE**

6.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

7.

This action arises from violations of state and federal law which occurred within the limits of Fulton County. This Court has jurisdiction to hear the claims asserted and venue is proper in Fulton County.

FACTS

8.

Defendant, City of Atlanta employees hundreds of employees.

9.

Defendant, City of Atlanta classifies its employees to distinguish employees for pay, duty, benefit and other purposes.

10.

Defendant City of Atlanta classifies all firemen, police officers, and corrections officers as sworn officers. As stated above, all of the plaintiffs were employed as corrections officers during a relevant period of this complaint.

11.

According to City of Atlanta Code all sworn officers are entitled to sick leave and annual/vacation leave calculated based upon a number of factors listed in the Code.

12..

All officers and employees of the City of Atlanta that are entitled to earn annual leave were entitled to earn sick leave with full pay.

13.

City of Atlanta's Police Officers at all relevant times worked eight hour shifts.

14..

Prior to December 12, 2008, Plaintiffs and other Correction Officers worked eight hour shifts at the Atlanta City Detention Center and earned sick leave on the basis of eight hour days.

15.

On December 12, 2008, Plaintiff's shifts changed from eight hours to twelve hours. Plaintiffs continued to work twelve hour shifts until July 4, 2012 when their shifts were returned eight hours. From December 12, 2008 until July 4, 2012, Plaintiffs earned sick leave was miscalculated.

16.

From December 12, 2008 until July 4, 2012 other similarly situated sworn officers, specifically police officers, had their leave calculated consisted with the City of Atlanta Code.

17..

According to the City of Atlanta Code, "all officers and employees, except uniformed members of the department of fire, who are entitled to earn annual leave shall also be entitled to earn sick leave with full pay to be computed on the basis of one-fourth day for each five days of full-time paid service." Atlanta, Georgia, Municipal Code § 114-416(a).

18.

Plaintiffs' leave is calculated on a basis of hours worked and "may be accumulated to an unlimited amount." Atlanta, Georgia, Municipal Code § 114-416(b).

19.

The statutory method of calculation was reiterated in the employee handbook which declared,

> Employees who are entitled to earn annual leave will also be entitled to earn sick leave with pay to be computed on the basis of one-fourth day for each workweek or equivalent (13 days of sick leave per year for an employee whose regular work schedule is 40 hours per workweek). The maximum accumulation of sick leave is unlimited.

City of Atlanta, Employee Handbook, p. 13

20.

For every week the employees of the City of Atlanta Department of Corrections worked, a twelve hour shift they were entitled to one-fourth of a work day or three (3) hours of sick leave.

21.

Though the Department of Corrections work week consisted of 12 hour work days, the Defendants calculated the Plaintiffs' leave on the basis of a work week that consisted of 8 hour work days and they were only given 2 hours of sick leave for every work week by the Defendants.

22.

Plaintiffs were deprived of 2 hours of sick leave every two weeks, fifty-two (52) hours of sick leave a year.

23.

Though sick leave was to be acquired in quarters of days, when Plaintiffs sought to use their leave Defendants charged their leave by the hour.

24.

Like sick leave annual leave was granted in days. According to city code "all city employees were granted annual leave in accordance to the length of service.

    Less than 5 years = 12 days
    5 years up to 10 years = 15 days
    10 years up to 15 years = 18 days
    15 years up to 20 years = 21 days

20 years and up = 25 days."

Atlanta, Georgia, Municipal Code § 114-415.

25.

Though, like sick leave, annual leave was granted in days, annual leave was charged by the hour. Atlanta, Georgia, Municipal Code § 114-415.

26.

When the Plaintiffs or any Department of Corrections Officer sought to use one (1) day of leave, though the Defendants calculated their leave on an eight hour work day basis, the Defendants would dock the Officer for 12 hours of leave and take four (4) additional hours without cause.

27.

Upon changing to a twelve (12) hour work day, the Plaintiffs' sick leave and annual leave was improperly calculated and they were deprived of their sick leave and annual leave without process.

28.

Furthermore, upon changing to a twelve (12) hour work day, the Plaintiffs' sick leave and annual leave was calculated and removed at a rate inconsistent with the employee handbook and the municipal code and differently than other similarly situated City employees and other sworn city officers.

29.

During all relevant periods of this action, other similarly situated sworn officers of the City of Atlanta were given and charged leave accurately and according to the statute.

30.

Defendants have at no time offered any basis for the different treatment of leave amongst the different employees

31.

At all relevant times, all Defendants were aware that the calculation, charge and use of Plaintiff's annual leave and sick leave was improper.

**COUNT ONE**
**BREACH OF CONTRACT**
32.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

33.

The Atlanta, Georgia, Municipal Code and the City of Atlanta Employee Handbook established a contract for employment benefits, in this case annual and sick leave.

34.

Defendants failed to issue annual and sick leave according to the contract.

35.

Defendants' failure to issue annual and sick leave constitutes a breach, and Plaintiffs are entitled to compensatory damages to be determined by an impartial jury

36.

Defendants breached their contractual obligations every time Defendants issued a paystub or any other statement to Defendants without the proper calculation of the sick and annual leave.

## COUNT TWO
## BREACH OF COVENANT OF BAD FAITH

37.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

38.

Plaintiffs have tried for over two and one-half years to rectify the Defendants improper calculation of their leave.

39.

Defendants have failed and refused to correct the Plaintiffs leave within those two and one-half years.

40.

Defendants' willful failure to adequately issue, alter, calculate and take Plaintiffs' leave over these years constitutes a breach of this covenant of good faith

## COUNT THREE

**PROMISSORY ESTOPPEL**

41.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

42.

Defendants promised to calculate and take leave at a rate consistent with the Plaintiffs' workday and consistent with the rate in which the leave was accumulated.

43.

Defendants should have expected that plaintiffs would rely on such promises.

44.

Plaintiff did in fact rely on such promises to their detriment.

45.

Plaintiffs reasonably relied on the promise.

46.

Defendants should be estopped for their miscalculation of the Plaintiffs' leave and/or improper or insufficient application of the Plaintiffs' leave.

47.

Injustice can be avoided only by enforcement of the promise.

**COUNT FOUR**

**UNJUST ENRICHMENT**

48.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

49.

Defendants obtained the benefit of the Plaintiffs service and retained the money due to Plaintiffs from the improper calculating, charging, and taking of Plaintiffs' annual and sick leave.

50.

It is against equity and good conscience to permit Defendants to retain the benefit and value of the sick and annual leave due to the Plaintiffs without just compensation.

**COUNT FIVE
CONVERSION**

51.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

52.

Plaintiffs had a vested property interest in the sick leave that they earned at the end of each pay period.

53.

At the end of each pay period Plaintiffs had earned sick and/or annual leave in an amount consistent with the hours of worked performed.

54.

Defendants willfully, maliciously and or negligently assumed control of the leave and/or the value of the leave and converted it to their own use.

55.

Plaintiffs' right to the property interest in the leave and the value of the leave was absolute and unconditional at the end of each pay period, and the Defendants did not have a legal right to the property or the value of the property.

56.

Defendants assumption of control of this property was wrongful and without legal authority or Plaintiffs' authority.

57.

By reason of the Defendants' conversion, Plaintiffs have been damaged.

**COUNT SIX**
**42 U.S.C. § 1983 PROCEDURAL AND SUBSTANTIVE DUE PROCESS**

58.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

59.

Article I, Section 1, Paragraph 1 of the Georgia Constitution; and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, guarantee that no person shall be deprived of life, liberty or property without due process of law.

60.

Plaintiffs have a vested and protected property interest in their annual leave and sick leave such that due process must be afforded them prior to the denial of those interests.

61.

Plaintiffs accumulated their leave at a rate of an eight (8) hour work day. However, Plaintiff's leave was taken from them at the rate of a twelve (12) hour work day.

62.

Defendants would take four (4) additional hours of sick leave or annual leave without process any time Defendants elected to use their leave.

63.

The law is clearly established that City Employees, including Plaintiffs, have a vested right to their leave, and because Defendants had fair warning that denying Plaintiffs their rights to all of their acquired benefits or any redress prior to taking these benefits was unconstitutional, Defendants are liable for violating Plaintiffs rights protected by the Fourteenth Amendment.

64.

The denial of constitutional rights is irreparable injury *per se*, and Plaintiffs are entitled to declaratory and injunctive relief and to compensatory damages to be

determined by an impartial jury for Defendants' negligent violations of Plaintiffs Due Process Rights. In addition, Plaintiffs are entitled to punitive damages for Defendants' intentional, willful and malicious violation of their Due Process rights.

65.

Plaintiffs are entitled to attorneys fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. §12205.

## COUNT SEVEN
## DEPRIVATION OF EQUAL PROTECTION

66.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

67.

The City has adopted pay and salary plans for its employees, Upon information and belief, the City credited and charged Plaintiffs' sick and annual leave less per hour than similarly situated City employees and sworn officers who worked eight hours shifts, contrary to the provisions of the pay and classification plans.

68.

There is no rational basis for the City's decision to treat Plaintiffs differently than similarly situated employees who worked eight hour shifts.

69.

The City's actions violated Plaintiffs' right to equal protection of the laws, guaranteed by the Fourteenth Amendment to the U.S. Constitution and action actionable against the City pursuant to 42 U.S.C. § 1983.

70.

Plaintiffs suffered damages as a result of Defendants' actions, in the form of lost benefits and lost value of benefits.

## COUNT EIGHT
## SPECIFIC PERFORMANCE

71.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

72.

The relationship between Plaintiffs and the City of Atlanta is contractual, with the Personnel Ordinances of the City of Atlanta setting out the terms and conditions of the Plaintiffs' employment.

73.

According to City Ordinance, five days of full-time paid service equals forty hours.

74.

City employees, including Plaintiffs, are paid every two weeks and accumulated leave is shown on each pay statement. Plaintiffs worked 84 hours every two (2) weeks, with each work day consisting of twelve (12) hours, for which they were credited with four (4) hours towards their sick leave, 2 hours short

of the six (6) hours they were entitled to every two weeks. As a result, over the course of a year, Plaintiffs were shorted some 52 hours of sick leave (2 hours times 26 weeks).

75.

Plaintiffs are entitled to specific performance of the provisions of the sick leave ordinance, i.e., credit for ¼ day of sick leave for each 40 hours of service.

76.

The City code provides that employees accumulate annual leave based upon length of service.

77.

Upon information and belief, the City under-calculated the length of service of the Plaintiffs, depriving some or all of them of the proper mount of annual leave.

78.

Plaintiffs are also entitled to specific performance of the ordinance governing annual leave.

**COUNT NINE**
**DAMAGES**
79.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

80.

As a direct and proximate result of Defendants' actions, Plaintiffs have incurred past loss of use of benefits or the monetary value of those benefits.

81.

Plaintiff is entitled to compensatory damages, restitution, loss of value and other damages in an amount to be proven at trial.

## COUNT TEN
## PUNITIVE DAMAGES
82.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference.

83.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of its actions and entitles Plaintiffs to an award of punitive damages.

## COUNT ELEVEN
## ATTORNEYS FEES
84.

Plaintiffs re-allege each allegation set forth above and incorporate them herein by reference

85.

Defendants have acted in bad faith, have been stubbornly litigious and have caused Plaintiffs to incur unnecessary trouble and expenses.

86.

Pursuant to O.C.G.A. § 13-6-11, Plaintiffs are entitled to reasonable attorneys fees and expenses of this litigation in an amount to be proven at trial.

87.

Plaintiffs are entitled to attorney's fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. §12205

**WHEREFORE**, Plaintiffs prays for a trial on all issues and judgment against Defendants as follows:

a) That the Court grant Plaintiffs declaratory and injunctive relief, order the Defendants to perform its contractual obligation to grant Plaintiffs sick leave and annual leave as provided by City Ordinances;

b) That the Court grant the Plaintiffs the monetary value of the sick and annual leave that the Plaintiffs were entitled to;

c) That the Court award compensatory and punitive damages against the Defendants for violating his rights protected by the Fourteenth Amendment to procedural and substantive due process, in the amount to be determined by an impartial jury;

d) That the Court award Plaintiffs reasonable costs and attorneys' fees in bringing this action in an amount to be determined at trial;

e) That Plaintiffs be granted a trial by jury; and

That Plaintiffs be granted such other and further relief as the Court deems just and proper.

.

This 10th day of March, 2015

Respectfully submitted,

/s/ Danielle I. Warlick
Danielle I. Warlick
Attorney for Plaintiffs
Georgia Bar No. 831855

THE LAW OFFICES OF DANIELLE I. WARLICK, LLC
2221 Peachtree Rd., NE., Suite D-317
Atlanta, Georgia 30309
Tel:   770.940.2437
Fax:   678.401.0329
Email:  diwarlick@daniellewarlick.com