IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTIONETTE
CALLOWAY-BEAVERS, et al.,

    Plaintiffs,

      v.

CITY OF ATLANTA, GEORGIA, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-307-TWT

## OPINION AND ORDER

This is a section 1983 action by City of Atlanta corrections officers who claim that the city deprived them of paid sick leave to which they were entitled. It is before the Court on the Defendants' Partial Motion to Dismiss [Doc. 7]. For the reasons set forth below, the Defendants' Partial Motion to Dismiss [Doc. 7] is GRANTED.

## I. Background

The thirty-six Plaintiffs in this action were corrections officers employed by the City of Atlanta (the "City").[1] During the relevant time period, the City classified corrections officers as "sworn officers."[2] Under the City's official code (the "Code"),

---

[1]     Am. Compl. ¶ 10.

[2]     Am. Compl. ¶ 10.

all sworn officers are entitled to sick leave and annual vacation leave.[3] The amount of leave is calculated "based upon a number of factors listed in the Code,"[4] including the number of hours worked.[5]

The Plaintiffs argue that they were not given the amount of sick leave that they were entitled to under the Code. Prior to December 12, 2008, they worked eight-hour shifts.[6] However, on December 12, 2008, they began working twelve-hour shifts.[7] This continued until July 4, 2012, when they returned to working eight-hour shifts.[8] The Plaintiffs claim that, although they worked twelve-hour shifts between December 12, 2008 and July 4, 2012, their leave was calculated "on the basis of a work week that consisted of 8 hour work days."[9]

The Plaintiffs brought suit against the City, Kasim Reed (the City's Mayor), Yvonne Yancy (the City's Commissioner of Human Resources), and Patrick Labat (the Chief of the City's Department of Corrections). They are asserting claims for

---

[3]     Am. Compl. ¶ 11.

[4]     Am. Compl. ¶ 11.

[5]     Am. Compl. ¶ 18.

[6]     Am. Compl. ¶ 14.

[7]     Am. Compl. ¶ 15.

[8]     Am. Compl. ¶ 15.

[9]     Am. Compl. ¶ 21.

breach of contract, breach of the covenant of good faith, promissory estoppel, unjust enrichment, conversion, violation of procedural and substantive due process rights (section 1983), and denial of equal protection (section 1983). The Defendants now move to dismiss the Plaintiffs' claims for (1) violation of section 1983, and (2) breach of the covenant of good faith.

## II. Legal Standard

A plaintiff may survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the factual allegations in the Complaint give rise to a plausible claim for relief.[10] For a claim to be plausible, the supporting factual matter must establish more than a mere possibility that the plaintiff is entitled to relief.[11] In determining whether a plaintiff has met this burden, the Court must assume all of the factual allegations in the Complaint to be true. The Court, however, need not accept as true any legal conclusions found in the Complaint.[12]

---

[10]    See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

[11]    See Iqbal, 556 U.S. at 678.

[12]    See id.; Twombly, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted).

## III. Discussion

### A. Section 1983

All of the Defendants argue that, for various reasons, the section 1983 claims asserted against them must be dismissed. First, the City argues that the Plaintiffs have failed to establish a claim against the City under the applicable section 1983 standard for municipal liability. A city "may be sued under [§ 1983] if an official policy or custom of the municipality violates constitutional requirements."[13] A "policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality" and "[a] custom is a practice that is so settled and permanent that it takes on the force of law."[14] The "[P]laintiff[s] must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."[15] And "[o]nly those officials who have final policymaking authority may render the municipality liable under § 1983."[16] Thus, a city "cannot be found liable [under § 1983] on a vicarious

---

[13]    Hill v. Clifton, 74 F.3d 1150, 1152 (11th Cir. 1996).

[14]    Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997).

[15]    Board of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997).

[16]    Hill, 74 F.3d at 1152.

liability theory."[17] It "may not be held liable simply because its agent causes an injury, even a constitutional injury."[18]

Here, the Plaintiffs point to no official municipal policy or custom which caused the miscalculation of sick leave. To the contrary, according to the Plaintiffs, if their sick leave had been calculated in the manner dictated by the City's official policy – the Code – then there would have been no constitutional violation. In response, the Plaintiffs argue that a City "custom" may exist if the City knew "of a problem" and deliberately chose "not to take action."[19] The Plaintiffs further argue that the City should have known of the problem because the "likelihood of miscalculation" was high.[20] There is no support for this assertion. The Plaintiffs never explain in the Complaint how the likelihood of a miscalculation was high, or how those with final policymaking authority were made aware of this likelihood. Indeed, according to the Plaintiffs, the amount of sick leave they were entitled to could be derived by using simple arithmetic. This suggests that there was *not* a high likelihood of miscalculation.

---

[17]   Skop v. City of Atlanta, GA, 485 F.3d 1130, 1145 (11th Cir. 2007).

[18]   Gilmere v. City of Atlanta, Ga., 737 F.2d 894, 902 (11th Cir. 1984).

[19]   Pls.' Resp. Br., at 7 (citing Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1293 (11th Cir. 2009)).

[20]   Id.

The individual Defendants also argue that the section 1983 claims asserted against them must be dismissed. Although they frame their argument as one invoking the doctrine of qualified immunity, in reality, it is far simpler. They are arguing that none of them personally took part in any of the acts that allegedly deprived the Plaintiffs of sick leave. Under section 1983 "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . *subjects*, or *causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."[21] It "is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."[22] Supervisory liability under § 1983 "occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."[23] The "standard by which a supervisor is held liable in [his] individual capacity for the actions of a

---

[21]    42 U.S.C. § 1983 (emphasis added).

[22]    Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks omitted).

[23]    Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

subordinate is extremely rigorous."[24] Here, the Plaintiffs do not allege that any of the individual Defendants personally miscalculated the Plaintiffs' sick leave under the Code.[25] In addition, the Plaintiffs fail to explain, with any specificity, how the individual Defendants *caused* their sick leave to be miscalculated. In fact, in their Response Brief, the Plaintiffs do not even address the individual Defendants' argument that they did not take part in or cause the allegedly unconstitutional acts. Accordingly, the allegations in the Complaint fail to establish a plausible section 1983 claim against the individual Defendants.

### B. Breach of the Covenant of Good Faith

The Defendants argue that Georgia does not recognize an independent cause of action for breach of the covenant of good faith. The covenant simply modifies the terms of the contract, and so it may only support a traditional breach of contract claim. The Court agrees. Under Georgia law, the "implied covenant of good faith modifies, and becomes part of, the provisions of the contract itself . . . [but] the covenant is not independent of the contract."[26] The "'covenant' . . . is a doctrine that modifies the

---

[24]    Id. at 1360-61 (internal quotation marks omitted).

[25]    The Plaintiffs never identify who was responsible for actually calculating their sick leave under the Code.

[26]    Stuart Enterprises Int'l, Inc. v. Peykan, Inc., 252 Ga. App. 231, 234 (2001).

meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure."[27] Consequently, "the breach of the covenant of good faith in the performance of [a] contract . . . cannot form the basis of an independent cause of action."[28] Accordingly, the Plaintiffs' claim for breach of the covenant of good faith and fair must be dismissed. To be clear,  however, the Court takes no position on whether the covenant of good faith may be relevant to the Plaintiffs' breach of contract claim.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants' Partial Motion to Dismiss [Doc. 7].

SO ORDERED, this 18 day of August, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[27]    Id. (internal quotation marks omitted).

[28]    Id.; see also Myung Sung Presbyterian Church, Inc. v. North Am. Ass'n of Slavic Churches & Ministries, Inc., 291 Ga. App. 808, 810 (2008) ("The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability.").